UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KYLE HARRIS, | ) | CASE NO. 4:11 CV 0619 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Kyle Harris's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), seeks an Order setting aside a disciplinary infraction in 2010.

BACKGROUND

Petitioner was convicted of violating 21 U.S.C. § 846 in the United States District Court for the Northern District of New York. He claims he was initially imprisoned at MDC Brooklyn in New York after his sentence was imposed.

Without providing a copy or any details of an incident report, Petitioner states an incident occurred on October 7, 2010. A report was issued that date, leading to his conviction for

committing a prohibited act in violation of BOP Codes 307 and 316. The limited facts alleged suggest the incident occurred at MDC Brooklyn.

An attached copy of a Regional Administrative Remedy Appeal filed by Petitioner, dated December 8, 2010, reveals he attempted the administrative grievance process. His Regional Appeal asserts he never received a copy of Incident Report #2075546, issued October 7, 2010, until his program review at F.C.I. Elkton in December 2010. He states "Williams" sanctioned him with the loss of 45 days commissary and 45 days visitation, which was suspended pending clear conduct for 90 days.[1] Williams allegedly advised Petitioner that two officers wrote the report and it contained "numerous errors." Further, Petitioner complains he never had a Unit Disciplinary Committee (UDC) hearing. Williams allegedly promised to expunge the report. Instead, the report was processed. Based on these facts, Petitioner concludes, the report should be expunged. He claims his attempts to exhaust his administrative remedies were thwarted by Respondent's refusal to deliver a response.

## 28 U.S.C. § 2241

Several Circuit Courts have held that habeas relief is available even if a prisoner is not seeking immediate release. *See, e.g., Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989) (holding that habeas review is available in suits seeking "release not from prison but just from a more to a less confining form of incarceration" as well as in suits seeking relief likely "to accelerate ... release from prison"); *Del Raine v. Carlson*, 826 F.2d 698, 702 (7th Cir.1987) (same); *Brennan v. Cunningham*, 813 F.2d 1, 4-5 (1st Cir.1987) (same); *Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir.1984) (holding an action seeking transfer from a more to a less restrictive prison

---

[1] Williams may be the Disciplinary Hearing Officer at MDC Brooklyn.

environment properly cognizable under habeas, not *Bivens* ).

Against this back drop, habeas corpus jurisdiction is available under §2241 when a prisoner claims he has been denied good time credits without due process of law. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law. *See, e.g., McCollum v. Miller*, 695 F.2d 1044, 1046 (7th Cir.1982); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir.1975). Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. *McCollum*, 695 F.2d at 1047.

Petitioner requests an Order expunging the disciplinary report issued in October 2010. For habeas relief to be available, the expungement would have to result in the acceleration of Petitioner's release. At the heart of this claim is a threat that the prisoner's liberty interest is in jeopary. *Wilkinson v. Austin*, 545 U.S 209, 221 (2005)("[w]e reach the quest of what process is due only if the inmates establish a constitutionally protected liberty interest.") There are no facts alleged or inferred, however, that would support that result. Petitioner suffered the potential loss of visitation and commissary privileges, neither of which qualify as a protected liberty interest. Prisoners have a liberty interest created by 18 U.S.C. §4161 in receiving good-time credits, *see, e.g., Jackson v. Carlson*, 707 F.2d 943, 946-47 (7th Cir.), *cert. denied, Yeager v. Wilkinson*, 464 U.S. 861(1983), but Petitioner was never sanctioned with that loss. It is only when a prisoner faces the loss of good time credits, that due process requires the prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary

evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Without asserting the loss of liberty interest, Petitioner has failed to establish he is entitled to habeas relief from this Court.

CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           */s/Dan Aaron Polster 6/21/11*
                                           DAN AARON POLSTER
                                           UNITED STATES DISTRICT JUDGE